**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ACTING THROUGH THE UNITED STATES DEPARTMENT OF AGRICULTURE, <br><br>     PLAINTIFF <br><br> v. <br><br> CHAD E. BARNES, <br><br>     Defendant | No.: 1:26-cv-00196-LEW |

**JUDGMENT IN REM**
**CONSENT JUDGMENT OF FORECLOSURE AND ORDER OF SALE**

**Title to Real Estate Involved**
**Re.**
**5 McManus Street, Washburn, Maine 04786**
**Mortgage Recorded in Aroostook (South) County Registry of Deeds**
**Book 4843, Page 216**

Plaintiff, the United States Department of Agriculture ("Plaintiff" or "USDA"), and Defendant, Chad E. Barnes ("Defendant" or "Mr. Barnes"), hereby consent, by and through their respective undersigned counsel, to the entry of Judgment of Foreclosure and Order of Sale with respect to that certain real estate located generally at or about 5 McManus Street, Washburn, Maine 04786 (the "Property"), as follows:

1. The following information is included in the Judgment pursuant to 14 M.R.S. § 2401(3):

| Party | Counsel |
|---|---|
| United States Department of Agriculture <br> P.O. Box 66827 <br> St. Louis, MO 63166. | Stephean C. Chute, Esq., Bar No. 06828 <br> Braucher & Associates, PLLC <br> 764 Chestnut Street, Suite 1 <br> Manchester, NH 03104 |

| | |
|---|---|
| Chad E. Barnes<br>57 Fisher Street<br>Fort Fairfield, ME 04742 | Jefferson T. Ashby<br>Ashby Law Office<br>11 Park Street<br>Presque Isle, ME 04769 |

      b.      The docket number of this case is: **1:26-cv-00196-LEW.**

      c.      Service of the documents required by Fed. R. Civ. P. 4(b) was made upon Defendant and Defendant has received notice of this action in accordance with the Federal Rules of Civil Procedure.

      d.      The property upon which Plaintiff seeks to foreclose in this case is adequately described in ¶ 14 below.

2.      The Defendant is an individual with a last-known address of 57 Fisher Street, Fort Fairfield, ME 04742.

3.      This is an action for foreclosure and sale respecting 5 McManus Street, Washburn, Maine 04786 (the "Property").

4.      On or about July 14, 2010, Defendants executed and delivered a promissory note (the "Note") to Plaintiff in the amount of $76,500.00.

5.      To secure the debt evidenced by the Note, and all extensions and renewals of that debt, the Defendant, on or about July 14, 2010, granted a mortgage (the "Mortgage" and with the Note, the "Loan Documents") against the Property, which Mortgage is recorded in the Aroostook (South) County Registry of Deeds at Book 4843, Page 216.

6.      The Mortgage secures the obligations of the Defendant under the terms of the Note;

7.      The Property is more particularly described in the Mortgage;

8.      Under the terms of the Loan Documents, if Borrower defaults in the payment of the obligations evidenced by Note and secured by the Mortgage, Plaintiff may declare the entire amount due under the Note, and any other amounts owed to the Plaintiff under Mortgage, to be

2

immediately due and payable in full and then, upon that acceleration of the Note, foreclose the mortgage by any method provided by law in the relevant jurisdiction.

9.       Defaults now exist under the terms of the Note in that, among other things, the Defendant failed to make the monthly payment that came due under the Note on September 14, 2014, and all other payments that have come due thereafter.

10.     Plaintiff has certified that it is the owner and holder of the Note and owner of the Mortgage, and that it is the party entitled to enforce the Note as the owner and holder of the same.

11.     As a result of the defaults under the terms of the Note, the Defendant has breached the condition of the Mortgage.

12.     As of April 14, 2026, the amount due and owing on the loan evidenced by the Note and secured by the Mortgage consisted of $68,382.34 in principal, $36,921.14 in accrued interest and $75,790.79 in other fees, for a total of $181,094.27.  Additional interest continues to accrue on the principal balance at the default interest rate of 4.6250% per annum, which, in this case, works out to be $8.6649 per day from and after April 14, 2026, through the date hereof.

13.     By virtue of the Borrower's and/or the Defendant's breach of a condition of the Mortgage, the Plaintiff has demanded a foreclosure on the Property.

14.     As set forth in the Mortgage attached as Exhibit 2 to the Complaint, the Property is bound and described as follows:

> A certain lot or parcel of land situate in Washburn in the County of Aroostook, State of Maine, described as follows to writ:
>
> Beginning at an iron pipe located on the northerly limit of McManus Street and distant One Hundred Eight Feet (108º) measured South Sixty-three Degrees West (S 63° W) from the center of a fire hydrant on the westerly side of Bridge Street;
>
> Thence, South Seventy-eight Degrees Forty-five Minutes West (S 78° 45' W) Ninety-nine Feet (99') to an iron post marking the southeast corner of a lot of land owned and occupied by Evertt Cary;

3

Thence, North Two Degrees Thirty-eight Minutes West (N 2° 38' W) along side Cary's easterly line Ninety-two feet (92') to a cedar fence post;

Thence, North Eighty-four Degrees Forty-five Minutes East (N 84° 45' E) One Hundred One and Three Tenths Feet (101.3') to an iron pipe;

Thence, South Zero Degrees Sixteen Minutes West (S 0° 16' W) to the northerly limit of McManus Street and the place of beginning.

Being the same premises conveyed to Lawrence H. Thomas and Norma D. Thomas from Oscar D. Hall and Helen M. Hall by Warranty Deed dated April 29, 1964, in the Southern District Aroostook Registry of Deeds in Volume 908, Page 288.

15.    As of July 7, 2026, the amount owing to Plaintiff under the terms of the Note and Mortgage was $187,503.80, consisting of the following:

| | |
|---|---|
| Principal: | $68,382.30 |
| Interest on Principal: | $37,648.99. |
| Escrow & Property Preservation: | $3,078.99 |
| Fees Required with Payoff Funds: | $15,503.06 |
| Fees Currently Assessed: | $57,088.10 |
| Late Fees: | $120.64 |
| Attorney Fees and Costs: | $5,681.72 |
| Total: | $187,503.80 |

16.    The pre-judgment interest rate is 5.75%, *see* 14 M.R.S. § 1602-B, and the post-judgment interest rate is 10.23%, pursuant to 14 M.R.S. § 1602-C (the one year United States Treasury bill rate is the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the last full week of the calendar year immediately prior to the year in which post-judgment interest begins to accrue).

17.    The Plaintiff is entitled to add any additional amounts advanced by Plaintiff to protect its mortgage security after the date of Judgment, and for any additional costs of sale hereafter incurred.

4

18.     The order of priority of the claims of the parties who have appeared in this action is as follows:

FIRST:          Plaintiff, by virtue of the Mortgage, in the above amounts and attorney's fees and costs.

SECOND:         The surplus, if any, shall be paid to the clerk of this Court, who shall hold the surplus in escrow for 6 months for the benefit of the Defendant, the Defendant's successors, heirs or assigns and, if the surplus remains unclaimed after 6 months, the clerk shall pay the surplus to the Treasurer of State to be credited to the General Fund until it becomes unclaimed under the Uniform Unclaimed Property Act, and report and pay it to the State in accordance with that Act, all as provided in 14 M.R.S.A § 6324.

19.     The Defendant waives all rights under the Foreclosure Diversion Program.

20.      The Defendant waives all rights (i) of redemption which may arise pursuant to 14 M.R.S. § 6322, (ii) to file post-judgment motions, and (iii) of appeal.

21.     Plaintiff's claim for attorney's fees is not integral to the relief sought, within the meaning of Me. R. Civ. P. 54(b)(2), and there is no just reason for delay in the entry of final judgment for the Plaintiff on all claims.

22.     The Defendant has been awarded a Discharge In Bankruptcy by an Order of Discharge pursuant to 11 U.S.C § 727 dated January 14, 2016, for debt due and owing to the Plaintiff and duly scheduled upon the Petition bearing docket number 15-43932 within the United States Bankruptcy Court for the Northern District of Texas.

As ordered by the Discharge In Bankruptcy, the Judgment shall be legally effective ***In Rem[1],***  and no deficiency judgment shall enter, and Plaintiff shall not attempt to collect any deficiency from Defendant.  Defendant gives, and Plaintiff accepts, Defendant's consent to this Judgment, Defendant's waiver of any right to dispute Plaintiff's claims, and Defendant's waiver

---

[1]*KeyBank National Ass'n v. Keniston*, 2023 ME 38, ¶ 16, 298 A.3d 800

of his statutory right of redemption in full satisfaction of the Note and Mortgage and any claim

arising under the Note and Mortgage and the property referenced in the Mortgage, including the

right to demand money from Defendant or attach or offset Defendant's assets, income, or federal

benefits.

ACCORDINGLY, it is hereby **ORDERED** that:

A.    The Defendant, having waived his  rights to file post-judgment motions and having waived the right to file an appeal, it is hereby expressly directed that final entry of Judgment of Foreclosure and an Order for Sale ***In Rem*** is entered on Plaintiffs' Complaint in favor of Plaintiffs;

B.    Defendant, having waived his right of redemption, Plaintiff, its successors and assigns, shall be immediately entitled to exclusive possession of the real estate, issuance of a writ of possession thereon, and Plaintiffs may sell the subject real estate, and disburse the proceeds of sale as follows:

FIRST, to the costs and expenses of sale;

SECOND, to payment of the Plaintiffs' attorneys' fees and costs as  detailed above in Paragraph Fifteen (15) hereof;

THIRD, to payment of the Plaintiffs' attorneys' fees for service rendered on or after April 6, 2026, as may be approved by this Court upon application made in conjunction with the report of sale, and costs;

FOURTH, to the Plaintiff, to satisfy the total claim due on the Mortgage as set forth above, through the date of sale; and

FIFTH, in the event there is a surplus over the preceding amounts, to the clerk of this Court, who shall hold the surplus in escrow for 6 months for the benefit of the Defendant, the Defendant's successors, heirs or assigns and, if the surplus remains unclaimed after 6 months, the clerk shall pay the surplus to the Treasurer of State to be credited to the General Fund until it becomes unclaimed under the Uniform Unclaimed Property Act, and report and pay it to the State in accordance with that Act, all as provided in 14 M.R.S. § 6324.

C.    If Defendant and anyone occupying the Property do not vacate the Property upon termination of the right to possession, Plaintiff may reopen this matter to seek a Writ of Assistance and/or Writ of Possession to be served by the U.S. Marshals

6

Service pursuant to Federal Rule of Civil Procedure 4.1(a) consistent with this Judgment.

D.      Pursuant to 14 M.R.S. § 2401(3)(F), the Clerk, if requested, shall sign a certification after the appeal period has expired, certifying that the applicable period has expired without action or that the final judgment has been entered following appeal.

SEEN AND AGREED TO IN SUBSTANTIALLY IDENTICAL FORM[2]:

THE UNITED STATES
DEPARTMENT OF AGRICULTURE                       CHAD E. BARNES

*/s/ Stephean C. Chute*                         *Jefferson T. Ashby*
Stephean C. Chute, Esq., Bar No. 06828          Ashby Law Office
Braucher & Associates, PLLC                     11 Park Street
764 Chestnut Street, Suite 1                    Presque Isle, Maine 04769
Manchester, NH 03104                            jashby@ashbylawoffice.com
stephean@ishofn.com

DATED: July 10, 2026                            /s/ Lance E. Walker
                                                Chief U.S. District Court Judge
                                                for the District of Maine

## CERTIFICATE OF CLERK

The final judgment in Docket No. **1:26-cv-00196-LEW** was entered on the docket on _____, 2026.

I hereby certify that:

_____   The applicable appeal period has expired without action, or

_____   The final judgment has been entered after remand following appeal.

Dated: _____          _____
                                Clerk, United States District Court for the
                                District of Maine

---

[2] This Consent Foreclosure Judgment and Order of Sale is drawn from the proposed copy filed with the Court and executed by the parties. Only nonsubstantive edits have been made, none of which impact the rights of the parties.

7